# A F F I D A V I T

I, Rebecca Shea, being duly sworn, do hereby depose and say:

1. Your affiant has been a Special Agent (SA) with Homeland Security Investigations (HSI) since 2009. As an HSI Special Agent, your affiant completed the Federal Criminal Investigator Training Program (CITP) and the HSI Academy training, your affiant was instructed in all phases of criminal investigations such as: Criminal Law, Search and Seizure, Investigative Techniques, Firearm Proficiency, and Evidence Handling. Your affiant has led and participated in numerous investigations of crimes involving drug smuggling, firearms trafficking, immigration, and other violations.

2. Your affiant has been the case agent on multiple contraband smuggling investigations to include firearms trafficking and narcotics smuggling. Your affiant has been the affiant of federal Title III wire taps and the case agent on several Organized Crime and Drug Enforcement Task Force (OCDETF) cases. Your affiant is experienced with conducting surveillance, serving as the control agent for confidential sources, and investigating violations of the Immigration and Nationality Act (INA).

3. This affidavit is being submitted for the purpose of establishing probable cause that Abel VELASQUEZ-Acevedo (hereinafter referred to as VELASQUEZ-Acevedo), has violated 18 U.S.C. § 922(g)(5)(A) illegal alien in possession of a firearm.

4. The information in this affidavit is based on my personal knowledge, information provided by other law enforcement officers and individuals, and the reports and memoranda of other law enforcement officers. The information in this affidavit is provided for the limited of establishing probable cause in connection with this application for a criminal complaint and an arrest warrant. This affidavit does not include all the information gathered during this

investigation. The following information is based on my personal knowledge, the knowledge of other agents and officers, as well as investigations conducted by other law enforcement entities.

5. On or about April 11, 2025, Deputy Ferrara responded to a call indicating that a Hispanic male had fired a gun into the air at Taco Nice located at 4832 West Broad Street. Upon the Deputies arrival, a security guard working at Taco Nice informed him that there was an argument between two (2) Hispanic males inside the restaurant, resulting in one (1) of the males exiting the restaurant, getting into a silver or tan Honda Civic and driving away while firing multiple rounds into the air.  Deputy Ferrara located shell casings outside the restaurant and subsequently collected them as evidence. The security guard provided a description of the suspect as wearing a camouflage jacket, a tan Coach hat and a black and tan Coach cross body bag

6. Witnesses inside Taco Nice showed Deputy Ferrara a photo of the suspect, known to them by the name "Gordo".  Deputy Ferrara observed the picture to depict a Hispanic male wearing a camouflage jacket.

7. While Deputies were conducting interviews of witnesses at Taco Nice, information was received that the suspect was seen at El Toro restaurant located at 84 Phillipi Road, Columbus, Ohio.  Deputies responded to this restaurant to search for the suspect.

8. When responding to El Toro restaurant, Deputy Shukri observed a Hispanic male wearing the camouflage jacket enter El Toro restaurant.

9. Upon entering the restaurant, Deputies observed a camouflage jacket and Coach cross body bag on the cash register stand located at the front of the restaurant that matched the suspects clothing.  The suspect was located inside the restaurant and placed under arrest.

10. When a Franklin Township Police Officer attempted to collect the camouflage jacket as evidence, a handgun fell out of the pocket. The firearm was identified as a Ruger LCP .380 caliber bearing serial number 379130702. The firearm contained a magazine which held one (1) round of ammunition. However, the firearm had a stove pipe jam likely due to a shell casing not properly ejecting causing it to be nonoperational.

11. A subsequent search of the cross-body bag led to the discovery of two (2) plastic bags containing smaller knotted plastic baggies containing a white powdery substance believed to be cocaine. The cross-body bag also contained a glass pipe with a rounded edge containing residue.

12. Deputies located a vehicle believed to be that driven by the suspect in the parking lot. The vehicle was a 2008 Honda Civic that bore Ohio registration KOD8541 and is registered to Eduardo VASQUEZ.

13. Deputy Ferrara was able to observe through the widows that the glove box was open and contained a glass pipe with a rounded end like that recovered from the coach cross-body bag and small plastic baggies with markings on it located on the front passenger seat. Deputy Ferrara observed a shell casing on the driver side floorboard. Subsequently, the vehicle was impounded.

14. The suspect was transported to Franklin County jail where he was identified through fingerprints to be VELASQUEZ-Acevedo.

15. Video footage received from El Toro restaurant shows VELASQUEZ-Acevedo exiting the restaurant while wearing the camouflage jacket and cross-body bag. Approximately thirty (30) seconds later, VELASQUEZ-Acevedo re-enters the restaurant, presumably after seeing Deputies arrive on scene. VELASQUEZ-Acevedo can be seen removing his jacket and

throwing it behind the counter of the hostess stand. VELASQUEZ-Acevedo then removes a cross-body bag and disposes it in a similar fashion behind the counter of the hostess stand.

16. Your affiant confirmed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Teresa Petit that the aforementioned firearm was not manufactured in the State of Ohio and therefore had previously traveled in and affected interstate or foreign commerce to have been possessed in the State of Ohio by VELASQUEZ-Acevedo.

17. In April 2025 investigators with the Franklin County Sheriff's Office (FCSO) notified HSI of the detention of Jovani VELASQUEZ (Jovani VELASQUEZ is determined to be an alias and his true identity to be Abel VELASQUEZ-Acevedo and hereinafter will be referred to as such) and request for assistance in confirming his identity.

18. On or about April 11, 2025, VELASQUEZ-Acevedo was arrested by the Franklin County Sheriff's Office in connection to a shooting near the Taco Nice restaurant located in Columbus, Ohio. Upon being booked into the Franklin County Corrections Center, fingerprints were utilized in order to verify the identity of the subject. The fingerprint card from VELASQUEZ was searched in immigration databases. Results from biometric queries indicated that the subject is Abel VELASQUEZ-Acevedo and is associated with a specific Fingerprint Identification Number (FIN).

**Immigration History**

19. According to immigration records, VELASQUEZ-Acevedo is a citizen of Mexico and has no legal status in the United States. A search of immigration databases revealed the following history.

20. On or about October 13, 2016, VELASQUEZ-Acevedo was encountered by Border Patrol in Webb County, Texas. VELASQUEZ-Acevedo admitted to being a citizen of

Mexico without any rights to be in or remain in the United States. VELASQUEZ-Acevedo provided officers with a date of birth establishing him to be seventeen years old. Subsequently, VELASQUEZ-Acevedo was determined to be inadmissible and granted a voluntary return. On that same day, VELASQUEZ-Acevedo was turned over to the Mexican Consulate Office located in Laredo, Texas.

21. VELASQUEZ-Acevedo was seventeen years old when he was encountered and therefore was fingerprinted but not assigned an A number. VELASQUEZ-Acevedo has not been in Immigration and Customs Enforcement (ICE) custody or proceedings since this encounter and therefore does not have an A-File.

22. Based on my training and experience, your affiant knows that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present in the United States. Your affiant also knows that a DHS A-File usually contains forms, photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The A-file corresponds with an "A-number", a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system.

23. Your affiant also reviewed DHS Indices that track lawful entries into the United States. Those indices indicated that VELASQUEZ-Acevedo had not lawfully entered the United States, nor had he applied for nor obtained permission from the Attorney General of the United States or her designated successor or the Secretary of Homeland Security.

24. Based on the foregoing facts, there is probable cause to believe that on or about April 11, 2025, in the Southern District of Ohio, VELASQUEZ-Acevedo, knowingly possessed, in and affecting interstate or foreign commerce, a firearm, to wit, a Ruger LCP .380 handgun

bearing serial number 379130702, and he was an alien illegally or unlawfully in the United States; and at the time he possessed the firearm, he knew he was not lawfully present in the United States, in violation of 18 U.S.C. § 922(g)(5)(A).

REBECCA L SHEA
Digitally signed by REBECCA L SHEA
Date: 2025.04.18 11:37:55 -04'00'

Rebecca Shea
Special Agent – HSI

Subscribed and sworn to before me on this  18th  day of April, 2025.

HON. CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE